# Bain *et al.* v. Handley, Reeves & Co.

### *Action on a Promissory Note.*

1. *Action on promissory note, breach of a collateral contract as a defense.*—Where in an action on a promissory note, it is shown that the note sued on was given in settlement of a suit against the maker of the note on a debt of a partnership of which he was a member, the plaintiffs agreeing as a part of the settlement to prosecute to judgment a suit for the same debt then pending against the administrator of the estate of a deceased partner of the maker of the note, and that, thereafter, in a suit in chancery by the administrator of said deceased partner for the settlement of the partnership affairs, a consent decree was rendered, providing that the accounts of the members of said partnership against each other were balanced, and the present defendant, who was defendant in that suit, released all claims he had or might have against the estate of his deceased partner, the fact that plaintiffs failed to prosecute to judgment the suit against the administrator of defendant's deceased partner's estate constitutes no defense to such action on the note; the settlement in which the note sued on was given not only paid the debt upon which the suit against the administrator was founded, but the consent decree discharged the administrator from all existing or future liability to the maker of the note.

APPEAL from the Circuit Court of Marshall.

Tried before the Hon. JOHN B. TALLY.

The appellees, Handley, Reeves & Co., brought the present suit against the appellants, S. Bain and others, on March 4, 1892. The complaint counted upon a promissary note made by the defendants. The facts of the

case are sufficiently stated in the opinion. On the hearing of all the evidence, the court, at the request of the plaintiffs, gave the general affirmative charge in their behalf, and to the giving of this charge the defendants duly excepted.

There was judgment for the plaintiffs; and defendants appeal, and assign as error the giving of the general affirmative charge for the plaintiffs.

O. D. STREET, for appellants.

LUSK & BELL, *contra.*

COLEMAN, J.—The appellees sued upon a promissory note. The defendants pleaded, specially, setting up as a defense that the note was executed in consideration of an agreement on the part of the plaintiffs, which agreement, the plea avers, was not performed by the plaintiffs, to the material damage of defendant. The record shows a demurrer to the plea, also replication and demurrer to the replication. The record fails to show any ruling of the court upon the demurrer to the plea or demurrer to the replication. The only judgment entry upon the pleadings is, that issue was joined upon the defendant's pleas. There is but one plea by the defendant in the record. It is evident from the bill of exceptions that evidence was introduced in support of the plea and also plaintiff's replication thereto. There was no objection by either party to any part of the evidence and the case was tried upon the merits of the questions involved. It appears that the partnership, J. S. Bain & Sons, owed the plaintiffs a note and also an account. The firm was composed of J. S. Bain, Simps Bain and W. N. Bain. J. S. Bain died, and McDonald was appointed his administrator. The plaintiffs sued Simps Bain and W. N. Bain upon the note and account, and, by a separate suit, sued McDonald, as administrator of J. S. Bain, upon the same claims. McDonald, as administrator, filed a bill in the chancery court against Simps Bain and W. N. Bain for a settlement of the partnership affairs of J. S. Bain & Sons. During the pendency of the chancery suit the plaintiffs and Simps Bain entered into a written agreement for the settlement of the suit by the plaintiffs against Simps Bain and W. N.

Bain, by which it was agreed that plaintiffs should take judgment against Simps Bain alone, in settlement of which Simps Bain was to pay in cash $125, and execute his note for $250, with sureties, for the balance. This note was given, and is the foundation for the present action. As a part of said agreement the plaintiffs agreed to prosecute the suit against McDonald, administrator of J. S. Bain, to judgment, and assign the same when recovered to Simps Bain. After this agreement was made, and while the suit against McDonald, administrator, was pending in the circuit court, the bill in equity was settled by a consent decree. This consent decree provided, "that the accounts of the several members of said partnership against each other were balanced, leaving said partners with no liabilities to either of said members, and no liability on the part of either member of said firm to said partnership or any member thereof." It was further agreed in said decree "that the two defendants in this suit (Simps Bain and W. N. Bain) release any and all claims, rights or demands which they have or may have, against said partnership and the estate of James S. Bain, and against said McDonald, as administrator," &c. The plaintiffs did not prosecute the suit in the circuit court against McDonald, administrator of J. S. Bain, to judgment, and did not transfer it to Simps Bain, and the failure to do this is the breach of the agreement which caused "material damage" to the defendant, Simps Bain, and set up by him as a defense to the action on the note. In addition to the fact that the judgments against Simps Bain were upon the same cause of action as that upon which the suits against McDonald, administrator of J. S. Bain, were founded, and which was settled by Simps Bain by the payment of $125, and his note was a partnership debt, and necessarily entered into the settlement of the partnership affairs, the defendant, Simps Bain, by the decree of the chancery court, expressly discharged and released the estate of J. S. Bain, and McDonald as his administrator, from all the rights, claims or demands which he had or might have. The settlement made by Simps Bain not only paid the debt upon which the suit against McDonald was based, but the consent decree in the chancery suit discharged and released McDonald, as administrator, from all liability to Simps Bain on account

of this debt. Under the facts he could not have been damaged.

There is no merit in the defense, and the court properly instructed the jury for the plaintiffs.

Affirmed.